IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00150-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMILIO JOHN HERNANDEZ,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on July 12, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

      First, the defendant has been charged in the Indictment with Prohibited Person in Possession of a Firearm / Ammunition in violation of 18 U.S.C. § 922(g)(1).

      Second, based upon the Indictment, I find probable cause exists as to the above listed charge.

      Third, I find that nature of the charge in this case involves the possession of a firearm / ammunition by a previously convicted felon.

      Fourth, I find that defendant is currently unemployed. Defendant joined the North Side Street Gang when he was either 14 or 15 years old.  Defendant has no assets or liabilities.  He has used illicit drugs in the past.  Defendant has used alcohol, marijuana, cocaine and methamphetamine in the past.  He started using alcohol and marijuana at age 15.  He started using cocaine at age 19 and has recently used methamphetamine.  Defendant has received substance abuse treatment while he was incarcerated in the Colorado Department of Corrections.  Defendant does not possess a valid Colorado driver's license.

      Fifth, I find that defendant has suffered a **juvenile adjudications** for Third Degree Assault (misdemeanor); Criminal Mischief $400-$15,000 (felony); First Degree Trespass of a Dwelling (felony); and Possession of a Schedule IV Controlled Substance Diazepam (felony). Defendant has suffered **adult convictions** for Trespass [two separate convictions] (misdemeanor); Interference (misdemeanor); Refused Order of Officer (misdemeanor); Driving Under Financial Responsibility Act Suspension (misdemeanor) Driving without a Driver's License; Attempted Aggravated Robbery - Menace Victim with a Weapon (felony); Possession of a Schedule II Controlled Substance Over 1 Gram (felony); and False Reporting - False Identification (misdemeanor).  Defendant has had his juvenile probation and his adult parole revoked in the past.  Defendant has absconded from adult parole in the past.  Defendant has committed new a criminal offense while on probation and parole.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 12th day of July 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge